**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4409**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ROGER DALE COCHRAN, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00199-TLW-1)

Submitted:  October 4, 2012      Decided:  October 16, 2012

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, Jean M. Popowski, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Dale Cochran, Jr., appeals the five month sentence imposed upon revocation of his supervised release. On appeal, Cochran contends that his five-month sentence is unreasonable. We affirm.

We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is unreasonable, "we follow generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438. Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is plainly so. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

Cochran's sentence is well below the statutory maximum of twenty-four months. See 18 U.S.C. § 3583(e)(3) (2006). Further, the sentence is procedurally reasonable: the district court considered both the Chapter 7 policy statements and the 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors that it was permitted to consider. See Crudup, 461 F.3d at 438-40. Finally, the sentence is substantively reasonable, because the court sufficiently explained its reasons for imposing the

2

sentence, emphasizing the serious breach of trust that Cochran committed by repeatedly testing positive for illegal drugs.

Cochran contends that the district court erred by not extending the term of his supervision. Pursuant to 18 U.S.C. § 3583(g)(4) (2006), the district court was required to impose a sentence of imprisonment given Cochran's positive drug tests. To the extent that Cochran argued he should be entitled to the exception under 18 U.S.C. § 3583(d) (2006), the court properly addressed his contentions and did not err by concluding that the exception was not warranted in this instance.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED